# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AVIVA BUCK-YAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23CV492 JAR |
| ) | |
| WASHINGTON UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## AMENDED CASE MANAGEMENT ORDER – TRACK 2: STANDARD

This matter is before the Court following submission by the parties of a Joint Motion to Continue and to Amend Case Management Order. ECF No. 33. The Court will grant the Joint Motion and will adopt the following amended Case Management Order. Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following amended schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:[1]

## I. SCHEDULING PLAN

1. **Track**: This case has been assigned to **Track 2 (Standard).**

2. **Amendment/Joinder**: Amendment of pleadings and/or joinder of parties closed as of **May 13, 2024.**

3. **Disclosures**: Disclosure shall proceed in the following manner:

    a. The parties have made all disclosures required by Fed. R. Civ. P. 26(a)(1) as of **May 27, 2024.**

---

[1] The Court's standard case management order has been substantially modified and counsel should read it carefully. Counsel should refer to the Court's website, http://www.moed.uscourts.gov, for the Local Rules, CM/ECF Procedures Manual, Daily Docket, Forms, Courtroom Technology, Jury Plan, and Judge's Contact Information and Requirements, https://www.moed.uscourts.gov/sites/moed/files/judges/requirements/JAR.pdf

      i. The Court will not consider general discovery objections. All objections to written discovery must be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B). For document production, an objection must state whether any responsive materials are being withheld on the basis of the objection. *See* Fed. R. Civ. P. 34(b)(2)(C).

      ii. For assertions of privilege or work product, for each item of information or document withheld from production in response to a written discovery request, the withholding party must serve a privilege log on opposing counsel. *See* Fed. R. Civ. P. 26(b)(5)(A). The privilege log must be served simultaneously with the response to the written discovery request in which the assertion of privilege or work product is made.

b. Plaintiff shall disclose all expert witnesses and provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **April 3, 2025,** and shall make such expert witnesses available for depositions, and have depositions completed, no later than **April 24, 2025.**

c. Defendants shall disclose all expert witnesses and provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **May 15, 2025**, and shall make such expert witnesses available for depositions, and have depositions completed, no later than **June 5, 2025.**

d. Expert witnesses who are not retained or specially employed to provide expert testimony, such as treating health care providers, are not required to prepare reports or provide other information required by Fed. R. Civ. P. 26(a)(2)(B). Where such an expert will testify as a fact witness and provide expert testimony, the offering party must identify the witness under Fed. R. Civ. P. 26(a)(2)(A) and provide the disclosure required under Fed. R. Civ. P. 26(a)(2)(C). The Fed. R. Civ. P. 26(a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

e. The presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A) and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply.

f. The parties do not anticipate any request for a physical or mental examination pursuant to Fed. R. Civ. P. 35.

g. The parties shall complete <u>all discovery</u> in this case no later than **February 27, 2025.**

h. Any motion to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4. **ADR**: This matter was referred to mediation on **October 15, 2024**. The parties are scheduled to attend mediation on **January 28, 2025.**

5. **Dispositive Motions**: Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), or *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), shall be filed no later than **April 10, 2025.**

   a. Briefing shall be governed by Local Rule 4.01.

   b. **A courtesy copy (including exhibits) for summary judgment motions and motions made under *Daubert* shall be submitted to chambers either by mail or hand delivery. Courtesy copies must be printed on one side of the page only.**

   c. The filing of a motion (including a discovery motion, motion for summary judgment, motion to dismiss, etc.) does not excuse the parties or their counsel from fully complying with this Order.

## II. ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **Monday, August 18, 2025, at 9:00 a.m**. This is a **2-week docket**, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours' notice. A final pretrial conference is scheduled for **Thursday, August 14, 2025, at 1:30 P.M.** in the courtroom of the undersigned.

**Unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire, if applicable).

2. **Witnesses:**

   a. Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

3

    b. Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

    a. Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

    b. Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

    c. Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing by the time of the final pretrial conference may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions:**

    a. Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. Before the time of the final pretrial conference, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

    b. Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. **Motions in Limine**: Parties shall file all motions in limine to exclude evidence **at least ten (10) days before the pretrial conference.** The Court will not consider any motion in limine unless it contains a statement that the movant's counsel has conferred *in person or by telephone* with opposing counsel in a good faith effort to resolve the dispute presented

4

by the motion. Opposition to a motion in limine must be filed no later than five (5) days after the motion in limine is served.

6. **Jury Instructions** (if applicable): **At least ten (10) days prior to trial**, each party shall submit to the Court and to opposing counsel any written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of the opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

7. **Trial Brief:** At least five (5) days prior to trial, submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

8. **Pretrial Compliance Materials**: The parties shall mail or hand-deliver to chambers a courtesy copy of all pretrial compliance materials, including motions in limine, at least one day prior to the Final Pretrial Conference. Courtesy copies must be printed on one side of the page only.

Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to dismissal of the action, entry of a default judgment, or restrictions on the admissibility of evidence. *See* Local Rule 5.04.

Dated this 5th day of December, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

5