UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AVIVA BUCK-YAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00492-JAR |
| ) | |
| WASHINGTON UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Aviva Buck-Yael's motion to quash Defendant's subpoena to Plaintiff's current employer. ECF No. 35. Defendant Washington University filed a response (ECF No. 41), and Plaintiff filed a reply (ECF No. 45). After the Court granted Defendant's request to file a sur-reply (ECF Nos. 46 and 47), Defendant filed its sur-reply (ECF No. 48). This matter is now fully briefed and ripe for disposition. For the reasons set forth below, Plaintiff's motion will be denied.

### Background

Plaintiff first filed this case on April 18, 2023. Plaintiff's claims arise from alleged religious discrimination, harassment, and retaliatory termination she experienced while employed by Defendant as a systems administrator and REDCap Application Administrator. Plaintiff's original Complaint set out three Counts: Count I for discrimination on the basis of religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); Count II for harassment on the basis of religion in violation of Title VII; and Count III for retaliation in violation of Title VII. ECF No. 1.

On July 10, 2023, Plaintiff filed an Amended Complaint, which is now the operative complaint. Plaintiff's Amended Complaint sets out the same three causes of action as her original Complaint. Plaintiff seeks damages in the form of back pay, compensatory damages, punitive damages, and her litigation costs and attorneys' fees. ECF No. 13.

During discovery, Defendant propounded interrogatories seeking information about Plaintiff's subsequent employment as relevant to her mitigation of damages. Specifically, Defendant requested Plaintiff's job title or position, duties and responsibilities, total compensation and benefits package, and performance evaluations of any subsequent employment. In connection with the request, Defendant asked Plaintiff to sign an authorization for the release of records from each subsequent employer. Plaintiff is currently employed by Massachusetts General Brigham/Partners Healthcare ("Mass General"). In response to Defendant's request, Plaintiff provided her offer letter from Mass General dated March 2021 and a paystub reflecting her salary and benefits as of July 2024, but nothing more.

In October 2024, Defendant's counsel renewed its request for a signed release as to Mass General. Plaintiff did not comply. Evidently without further communication on the matter, Defendant's counsel prepared and served a subpoena on Mass General requesting Plaintiff's application, payroll records, performance evaluations, and records of any discipline. ECF No. 35-1. On January 9, 2025, counsel emailed a courtesy copy of the subpoena to counsel for Mass General. Two minutes later, counsel notified Plaintiff's counsel via email that the subpoena was being served on Mass General later that day or the next. The subpoena imposed a deadline of January 20, 2025, as Plaintiff's deposition was scheduled for January 23.

On January 14, Plaintiff filed her motion to quash. ECF No. 35. On January 20, with the motion still pending, Defendant's counsel again emailed counsel for Mass General to "follow

2

up" on the subpoena, requested a phone call, and suggested that personnel records could be produced pursuant to the parties' protective order. ECF No. 45-4 at 2–3. A lawyer in Mass General's legal department responded that they were aware of the pending motion to quash and would not produce documents until the Court ruled on it. *Id.* at 2.

Plaintiff argues that she has "already produced relevant mitigation documents in discovery," i.e., her offer letter and July 2024 pay stub. ECF No. 35; *see also* ECF No. 35-2 at ¶ 8. Plaintiff contends that nothing else need be produced and that the purpose of Defendant's third-party subpoena is simply to harass Plaintiff and interfere with her current employment. Plaintiff cites as support several out-of-circuit cases in which courts have quashed subpoenas directed to the plaintiffs' current employers. ECF No. 35 at ¶ 16. Plaintiff cites to only one case from within this circuit for support. *Id.* at ¶ 17 (citing *Carter v. CSL Plasma Inc.*, No. 13-CV-814, 2014 WL 12825056, at *10–11 (W.D. Mo. Feb. 27, 2014)). According to Plaintiff, the district court in *Carter* granted the plaintiff's request to quash the subpoena seeking the plaintiff's employment records for failure to establish their relevance. Plaintiff argues that, here, Defendant also is unable to establish the relevance of its requests, and her motion to quash should be similarly granted.

On January 15, 2025, Defendant filed its response. Defendant attests that Plaintiff has refused to provide authorization for the release of records or to produce discoverable documents relating to her employment with Mass General. Defendant argues that without these materials, it was unable to properly prepare for Plaintiff's January 23 deposition, so Defendant was forced to seek Plaintiff's employment records via subpoena. Defendant states that the materials it seeks are "necessary to adequately depose Plaintiff." ECF No. 41 at 3. This is so, according to Defendant, because Plaintiff has put in issue her credibility and work performance as well as her

3

damages and mitigation efforts. In Defendant's view, it needs Plaintiff's subsequent employment records to assess her potential damages related to back pay and to assess whether Plaintiff properly mitigated her damages by seeking suitable comparable employment. Similarly, Defendant argues that Plaintiff's credibility and job performance are at issue in the case and can be properly assessed by reviewing Plaintiff's subsequent employment records for any potential misrepresentations, disciplinary actions, or complaints Plaintiff may have made against her current employer that were found to be unsubstantiated.

Defendant cites to a plethora of cases from the Eighth Circuit and this district in which courts found that the plaintiffs' subsequent employment records were relevant and discoverable to assess damages, mitigation, and the plaintiffs' credibility. Defendant also argues that Plaintiff's agreement to produce the records herself—to which Plaintiff agreed only after Defendant issued its subpoena—is inadequate and untimely.

Defendant further contends that Plaintiff has failed to meet her burden of establishing that the subpoena would cause her specific and demonstrable harm. Defendant points out that Plaintiff's single citation to a case from this circuit does not support her position because the *Carter* court found that limited discovery from the plaintiff's subsequent employer was proper. ECF No. 41 at 9 (citing *Carter*, 2014 WL 12825056, at *2).

In her reply, Plaintiff raises new and separate issues regarding when Defendant first issued its subpoena Defendant's subsequent contact with Mass General that failed to mention this pending motion. According to Plaintiff, Defendant issued its subpoena via email before discussing it with Plaintiff and then contacted Mass General in an attempt to have it comply with the subpoena without informing it that this motion to quash was pending. Plaintiff claims that

4

these actions support her arguments that the purpose of the subpoena was simply to harass Plaintiff. Plaintiff separately requests sanctions against Defendant's counsel for this behavior.

 Plaintiff also, for the first time, cites to another case out of this district that she says supports quashing the subpoena. Plaintiff relies on *Shirrell v. St. Francis Medical Center*, No. 1:13-cv-42-SNLJ, 2013 WL 4517610 (E.D. Mo. Aug. 26, 2013) for the contention that this court and others across the country have ruled that discovery directed at a plaintiff's current employer may be a tool for harassment. ECF No. 45 at 3. Plaintiff also points to *Shirrell* as an example of this court finding that a request for the plaintiff to release the entirety of her subsequent employer's personnel file was overly broad. Plaintiff then cites to *Butler v. Christian Island Food Service*, No. 4:15-CV-1118-CEJ, 2016 WL 11683326 (E.D. Mo. May 9, 2016) as an example of this court quashing a subpoena to the plaintiff's employer because it sought information to which the plaintiff had an expectation of privacy. Plaintiff's motion and her reply make no attempt to argue that Plaintiff has a privacy interest in her employment records.

 Because Plaintiff raised the issue of sanctions for the first time in its reply, Defendant requested and was granted the opportunity to file a sur-reply. *See* ECF Nos. 46 and 47. Defendant states that, at Plaintiff's deposition, Plaintiff's counsel elicited testimony regarding Plaintiff's job performance with Mass General. According to Defendant, Plaintiff has therefore waived any objections and opened the door to discovery of her subsequent employment records. Defendant also contends that it has been prejudiced by Plaintiff's failure to produce subsequent employment documents because Defendant was unable to use the information contained within those materials to question Plaintiff about her subsequent employment during Plaintiff's deposition. Defendant relates that Plaintiff even testified at deposition that: (1) she did not know her current salary; and (2) she has documents related to her current benefits, but she had not

5

gathered them or produced them in this litigation. Defendant attests that this testimony supports its conclusions that Plaintiff has been less than forthcoming in discovery and that it is justified in seeking discoverable materials via its subpoena to Mass General.

Additionally, Defendant argues that sanctions are not warranted. Defendant states that while it sent a courtesy copy of the subpoena to Mass General before reaching out to Plaintiff's counsel, this did not violate Federal Rule of Civil Procedure 45 because the email did not constitute service of the subpoena.[1] Defendant also asserts that its January 20 email to an attorney for Mass General was not an attempt to circumvent the motion, but instead was simply Defendant's attempt to provide Mass General with the parties' protective order, which was inadvertently not included on the earlier email informing Mass General of the subpoena. Defendant contends that its explanations of its actions negate the need for sanctions because no willful misrepresentation or misconduct has occurred. Defendant concludes by stating that Plaintiff cannot establish that she has been prejudiced or harmed by Defendant's actions, again negating the need for sanctions.

## Discussion

Relevance of Materials Defendant Seeks in Discovery

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." "Although the standard for discovery is broader than for admissibility at trial, the requested information still must clear a 'threshold of relevance.'"

---

[1]   Fed. R. Civ. P. 45(a)(4) states that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things . . . , then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

6

*Stecklein & Rapp Chartered v. Experian Info. Sols., Inc.*, 113 F.4th 858, 861 (8th Cir. 2024) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)) (alterations omitted). The requested materials must "be probative of the claim or defense that a party is trying to establish, or at least aimed at the discovery of evidence that could be." *Stecklein*, 113 F.4th at 861 (internal quotation marks and citations omitted). Even if the requested discovery is relevant, "discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (citation omitted).

This Court and others within this circuit have consistently held that "employment records are likely to lead to the discovery of admissible evidence regarding Plaintiff's credibility and Defendant's defenses." *Wolfe v. Gallagher Bassett Servs. Inc.*, No. 4:11-cv-1610-ERW, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012) (citation omitted). As Defendant has pointed out, this Court routinely finds that a plaintiff's subsequent employment records—including performance evaluations, records of salary and benefits, and job application records—are relevant and discoverable when the plaintiff's mitigation, credibility, and job performance are at issue. *See, e.g., Hughes v. Dex XP*, No. 4:18-cv-967, 2019 WL 3037198, at *2 (E.D. Mo. July 11, 2019) (finding that personnel records were likely to lead to admissible evidence regarding plaintiff's credibility and payroll and benefit information may also be relevant to damages).

This case is no different. Plaintiff has put her mitigation efforts, job performance, and her credibility at issue through the allegations in her Amended Complaint, and therefore her personnel records from Mass General are likely to lead admissible evidence regarding these

7

issues. Plaintiff's arguments that the subpoena's purpose was simply to harass Plaintiff and seek irrelevant information are not convincing.

Defendant's Subpoena to Mass General

Under Federal Rule of Civil Procedure 45(d)(3)(A), the court "must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Upon a proper motion, the Court may also quash or modify a subpoena if it requires the disclosure of trade secret or confidential information. *See id.* at (d)(B). "In short, the undue burden standard of Rule 45 calls for a balancing test that pits the relevance of and need for the [discovery] (on one side of the scale) against the burdens associated with supplying the [discovery] (on the other side of the scale)." *Woods v. Cortex Trans., Inc.*, No. 2:22-cv-83-HEA, 2024 WL 4903746, at *1 (E.D. Mo. Nov. 27, 2024) (internal quotations and citations omitted).

Plaintiff has made no attempt to argue that the subpoena presents an undue burden of production on Mass General or that it must be or may be quashed pursuant to any of the standards set forth in Rule 45. Because the Court has found that the materials Defendant seeks from Mass General are relevant and because Plaintiff has not established that the subpoena presents any burden to Mass General, the motion to quash will be denied.

Sanctions Not Warranted

After careful consideration of the parties' arguments regarding Plaintiff's request for sanctions, the Court finds that sanctions are not warranted. However, Defendant's counsel's actions toe the line of acceptable conduct. While the Court recognizes Defendant's were unable to obtain discovery or a signed release from Plaintiff, Defendant's counsel's frustration with the

8

discovery process does not justify its failure to communicate its intentions to issue the subpoena before discussing the subpoena with Plaintiff's counsel. While not a technical violation of Rule 45, Defendant's counsel's actions are admittedly against the spirit of the rule. Similarly, Defendant should not have contacted Mass General to inquire about its production pursuant to the subpoena during the pendency of this motion. The text of Defendant's counsel's January 20 email to Mass General does not support Defendant's assertions that the email was sent for the mere purpose of providing Mass General with the parties' protective order. Even so, the Court does not believe that a sanction for attorneys' fees is warranted here as it appears the Plaintiff's unwillingness to cooperate in discovery and Plaintiff's impending deposition led Defendant to resort to issuing the subpoena.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Aviva Buck-Yael's motion to quash (ECF No. 35) is **DENIED**.

Dated this 21st day of February, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE