UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AVIVA BUCK-YAEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-00492-JAR |
| WASHINGTON UNIVERSITY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Washington University's motion for leave to file an amended answer. ECF No. 51. Plaintiff Aviva Buck-Yael has not filed a response, and the time for her to do so has passed. The Court will grant Defendant's motion.

On July 10, 2023, Plaintiff filed her Amended Complaint. ECF No. 13. On April 11, 2024, Defendant filed its answer to the Amended Complaint. ECF No. 25.

On February 26, 2025, Defendant moved to file an amended answer. Defendant argues that it should be permitted to add an affirmative defense because it only recently obtained evidence in discovery indicating that such a defense is relevant.

According to Defendant, Plaintiff indicated in her application for employment that she had never previously been involuntarily terminated from any previous employment. But at her January 23, 2025, deposition, Plaintiff testified that she had been terminated from her previous employment with the City of Richmond Heights. On February 20, 2025, the City of Richmond Heights sent documents to Defendant indicating that Plaintiff was terminated because her "conduct was inconsistent with the functions of the job" and because she had violated various "policies/functions of the job." ECF No. 51-3. Defendant further contends that Plaintiff's failure

to truthfully disclose this involuntary termination violated Defendant's policy against falsification of an employment application. Defendant also asserts that it would not have hired Plaintiff had it known of this involuntary termination and it would have discharged her had it discovered the termination during Plaintiff's employment. Finally, Defendant contends that it has shown good cause for amending its answer because it only recently learned of the facts supporting the affirmative defense.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." According to the first amended case management order, the parties had until May 13, 2024, to amend their pleadings. ECF No. 34. Defendant must therefore show good cause for modification of that schedule. Fed. R. Civ. P. 16(b); *see also Spates v. Lombardi*, No. 23-3154, 2024 WL 3549101, at *2 (8th Cir. July 26, 2024). Good cause can be established when there has been a change in law, newly discovered facts, or other changed circumstances. *Spates*, 2024 WL 3549101, at *2 (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Here, newly discovered facts regarding Plaintiff's previous involuntary termination from the City of Richmond Heights supply good cause to permit Defendant to amend its answer to the Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Washington University's motion for leave to file an amended answer is **GRANTED**. ECF No. 51. Defendant shall file its amended answer within **seven (7) days** from the date of this Order.

Dated this 13th day of March, 2025.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE